STATE OF NORTH CAROLINA v. DORETHA THOMPSON

No. 7316SC221

(Filed 14 March 1973)

**Criminal Law § 143; Intoxicating Liquor § 5— illegal possession of whiskey — illegal possession of beer for sale — revocation of probation — no error**

> There was no prejudicial error in defendant's trial for illegal possession of whiskey and illegal possession of beer for the purpose of sale, nor was there error in a subsequent hearing in which defendant's probation was revoked and a prison sentence imposed.

APPEALS by defendant from judgments of *McKinnon, Judge,* entered at the 28 August 1972 and 16 October 1972 Sessions of ROBESON Superior Court.

By warrant proper in form defendant was charged with (1) illegal possession of whiskey and (2) illegal possession of beer for purpose of sale. The offenses were allegedly committed on 12 May 1972. Defendant was found guilty in district court and from judgment imposed there, she appealed to superior court where she pleaded not guilty. Following the introduction of evidence by the State in superior court, defendant expressed her desire to change her plea to guilty. After due inquiry to determine if the guilty plea was freely, understandingly and voluntarily made, the court adjudged that it was, accepted the plea and entered judgment that defendant serve 12 months in prison. Defendant gave notice of appeal from said judgment which was entered on 7 September 1972.

On 22 September 1972, following a hearing, the District Court of Robeson County determined that defendant had wilfully violated the terms of a probation judgment entered on 24 January 1972; the court revoked defendant's probation and ordered the activation of a 12 months prison sentence. From the order revoking her probation, defendant appealed to superior court.

On 26 October 1972, following a hearing, Judge McKinnon entered judgment confirming the district court order revoking defendant's probation and ordered the prison sentence activated immediately. Defendant appealed to the Court of Appeals.

State v. Godwin

*Attorney General Robert Morgan by Richard B. Conely for the State.*

*Musselwhite & Musselwhite by William E. Musselwhite for defendant appellant.*

BRITT, Judge.

A careful review of the record reveals no prejudicial error. The judgments appealed from are

Affirmed.

Judges MORRIS and VAUGHN concur.

STATE OF NORTH CAROLINA v. DAN BRINKLEY GODWIN

No. 7314SC196

(Filed 14 March 1973)

Criminal Law § 23— appeal from guilty plea

Defendant's plea of guilty to felonious receiving was freely, understandingly and voluntarily made, and the acceptance of the plea will not be disturbed on appeal.

APPEAL by defendant from *Tillery, Judge,* 23 October 1972 Session of Superior Court held in DURHAM County.

By a three-count bill of indictment proper in form defendant was charged with (1) felonious breaking and entering, (2) felonious larceny, and (3) felonious receiving of certain particularly described chattels of the value of $740.00, well knowing said chattels to have been feloniously stolen. Represented by court-appointed counsel, defendant pled guilty to the charge contained in the third count. From judgment sentencing defendant to prison for a term of not less than three nor more than five years, with recommendation for work release, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General James E. Magner, Jr. for the State.*

*Lina Lee S. Stout for defendant appellant.*

PARKER, Judge.

Before accepting the plea, the trial judge examined defendant and found his plea was freely, understandingly and volun-